# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MAURICIO CABRERA<br>[True Name: Mauro Cabrera Arreola],<br><br>　　　　　　Defendant. | 8:16CR66<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 154.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Defendant Mauricio Cabrera pled guilty to the offense of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Although he had no formal plea agreement, the Defendant and the government agreed that the Defendant should be held responsible for methamphetamine mixture, rather than actual methamphetamine. The Court sustained the government's objection to the

Revised Presentence Investigation Report (PSR) accordingly, and reduced the Defendant's sentencing guideline from 87-108 months to 70-87 months. Although the Defendant met the first four prongs of the safety valve under United States Sentencing Guideline (USSG) § 5C1.2, he did not satisfy the fifth prong and did not receive a two-level reduction in his offense level for safety valve eligibility. On March 27, 2017, Judgment was entered, ordering a sentence of 70 months incarceration, to be followed by four years of supervised release. Cabrera did not appeal the conviction or sentence.

In his § 2255 Motion, dated February 18, 2018, and filed February 23, 2018, Cabrera asserts that his counsel was ineffective for not advising him of his right of appeal and for not bringing to the Court's attention at the time of sentencing the fact that Cabrera had "personal excruciating circumstances." ECF No. 154, Page ID 385. Cabrera states he is seeking a reduced sentence, and he makes several references to "Rule 35(B)." ECF No. 154, Page ID 389, 391.

To establish ineffective assistance of counsel, Cabrera must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

2

First, although Cabrera states "[he] did not know that by signing the Plea [he] was giving up [his] appeal rights and most rights to collateral attack[,]" ECF No. 154, Page ID 383, he did not waive his right of appeal in any plea agreement or other document. The Court advised Cabrera of his right of appeal at the time of his plea hearing and again at the time of sentencing, and Cabrera read and signed a written Notice of the Right of Appeal immediately after the sentencing and in the presence of his counsel. See ECF No. 129. Cabrera does not suggest that he ever asked his lawyer to file an appeal, nor does Cabrera state what grounds, if any, he would have had for any such appeal.

With respect to "excruciating circumstances," Cabrera simply states that he has to support his family.[1] ECF No. 154, Page ID 385. Cabrera had an opportunity to address the Court at the time of sentencing, and could have raised any such mitigating circumstances himself at that time. Any failure on the part of counsel to discuss Cabrera's family responsibilities at the time of sentencing does not rise to conduct outside the wide range of reasonable professional assistance, nor is it an error so serious that counsel can be said to have failed to function as the kind of counsel guaranteed by the Sixth Amendment. Nor can it be inferred that Cabrera suffered any prejudice as a result of defense counsel's failure to emphasize Cabrera's family responsibilities. Cabrera received a sentence at the lowest end of the applicable

---

[1] Cabrera's reference to "excruciating circumstances" and his need to support his family may relate to his failure to provide a complete and truthful proffer to the government and qualify for the safety valve under USSG § 5C1.2. See, e.g., PSR, ECF No. 132 ¶ 97. Although he suggests that his failure to qualify for the safety valve may have resulted from a mistake in his criminal history calculation, it is clear from the PSR and Sentencing Recommendation that he satisfied the first prong of safety valve eligibility, related to criminal history. He never asserted, nor does he now assert, that he satisfied the criteria of USSG § 5C1.2(a)(5), the complete and truthful proffer.

guideline range, and the undersigned judge has no history of varying downward from the guideline range in drug conspiracy cases based on a defendant's family responsibilities.

Finally, the Court has no authority to alter Cabrera's sentence based on substantial assistance under Fed. R. Crim. P. 35(b) unless a motion is filed by the government, and it is entirely in the discretion of the government whether any such motion is filed.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 154, is denied;

2. A separate Judgment will be entered, denying the § 2255 Motion; and

3. The Clerk will mail a copy of this Memorandum and Order to Defendant at the Defendant's last known address.

Dated this 20th day of March, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge